DOUGLAS A. LINDE, ESQ. (SBN 217584)(dal@lindelaw.net)
ERICA A. GONZALES, ESQ. (SBN 234922)(eag@lindelaw.net)
**THE LINDE LAW FIRM**
9000 Sunset Boulevard, Ste. 1260
Los Angeles, California  90069
(310) 203-9333; (310) 203-9233

Attorneys for Plaintiff,
GLEN E. FRIEDMAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN E. FRIEDMAN )<br><br>            Plaintiff,      )<br>                          )<br>            v.            )<br>                          )<br>LIVE NATION MERCHANDISE, )<br>INC.; ANTHILL TRADING, LLC; )<br>YS GARMENTS, INC.; and DOES 1 )<br>though 10, inclusive,     )<br>                          )<br>            Defendants    )<br>_____ ) | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  COPYRIGHT INFRINGEMENT (28 U.S.C. §§1331, 1338, *et seq.*)<br><br>2.  INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C § 1202**)**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff GLEN E. FRIEDMAN, ("Plaintiff" or "Friedman") and complains of and alleges the following:

## INTRODUCTION AND OVERVIEW

1.      This is a clear liability copyright infringement case, in which Defendants engaged in advertising activity, including but not limiting to, making, without authorization, style guides and garments featuring Plaintiff's copyright protected photographs, causing significant advertising injury to Plaintiff.  Plaintiff seeks recovery of all remedies available under law including but not limited to its damages, all of Defendants' profits, and payment of Plaintiff's attorneys' fees and costs.

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a) as a claim arising under the Copyright Act 17 U.S.C. §§ 101 *et seq.*

3.      The claims asserted herein arose in this judicial district and all Defendants do business in this judicial district.

4.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

5.      This is an action for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq., seeking damages, attorneys' fees, preliminary and permanent injunctive relief and an accounting, as well as damages and other relief based upon other claims related to the misappropriation of Plaintiff's intellectual property.

## PARTIES

### The Plaintiff

6.      Plaintiff GLEN E. FRIEDMAN, is a photographer and artist, who has gained worldwide recognition for his original and groundbreaking photographs of musical visionaries and other cultural icons.  He is a citizen of the State of New York.

**The Defendants**

7.      Plaintiff is informed and believes and thereon alleges that LIVE NATION MERCHANDISE, INC. ("LIVE NATION") is a corporation organized and existing under the laws of the sate of Delaware with its principal place of business in California at 9348 Civic Center Drive, Beverly Hills, CA 90210.  Plaintiff is informed and believes and thereon alleges that LIVE NATION in the business of manufacturing, licensing and selling music related merchandise including garments.

8.      Plaintiff is informed and believes and thereon alleges that ANTHILL TRADING, LLC is a corporation, with its principal place of business at 126 5th Ave, New York, NY 10011, state of incorporation unknown. Plaintiff is informed and believes and thereon alleges that ANTHILL TRADING, LLC in the business of selling music related merchandise.

9.      Plaintiff is informed and believes and thereon alleges that YS GARMENTS, INC. is a corporation organized and existing under the laws of the state of California, with its corporate headquarters at 15730 S. Figueroa Street, Gardena, CA 90248. Plaintiff is informed and believes and thereon alleges that YS GARMENTS, INC. is in the business of manufacturing and/or selling apparel and other merchandise.

10.      Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, created, assembled, distributed, manufactured and/or sold items bearing Plaintiff's copyrighted images, or assisted and/or materially

COMPLAINT FOR DAMAGES

contributed to the same. The true names and capacities, whether corporate, individual or otherwise, of the Defendant DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names, and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

11.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, each of the Defendants, including without limitation the DOE Defendants, was the agent, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employment relationship and actively participated in, or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and all of the violations of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## **FACTUAL BACKGROUND**

15.     Plaintiff took and was the author of the original photograph of the music group Run-DMC, (hereinafter "Subject Image"), which is wholly original to Plaintiff and are copyrightable subject matter under the laws of the United States:

COMPLAINT FOR DAMAGES



16.    Plaintiff applied for and received Copyright Registration VA 1-221-023 to protect his original photographs, including the images set forth in paragraph 15 above.

17.    Defendant LIVE NATION is in the business of, among other things, music merchandising, or selling merchandise bearing images of or associated with popular musical acts.  In 2007, LIVE NATION acquired a company called Anthill Trading Ltd., LLC.  Anthill owned the worldwide exclusive rights to RUN-DMC's merchandise. After the acquisition, LIVE NATION became RUN-DMC's exclusive merchandiser.

18.    One way Defendant LIVE NATION works with outside vendors to develop music merchandise, is through the use of a STYLE GUIDE, which is a book of photographs, provided by LIVE NATION to the outside vendors, containing a group of photographs that the outside vendors are purportedly authorized to use to create new merchandise.  In the case of Run-DMC, LIVE NATION created a "RUN-DMC Style Guide."  The RUN-DMC Style Guide was created by LIVE NATION's in-house designers, who crudely scanned and copied images of Run-DMC from Plaintiff's

COMPLAINT FOR DAMAGES

book(s), including the photograph in paragraph 15 above that is the subject of Plaintiff's copyright registration VA 1-221-023, and slavishly inserted them into the RUN-DMC Style Guide without authorization.

19. Plaintiff's book from which the photograph of RUN-DMC was directly scanned and copied, including the photograph that is the subject of Plaintiff's copyright registration VA 1-221-023, identifies Plaintiff as the author and copyright owner of the photographs so there could be no question as to the source, authorship and ownership of the photograph. There could also be no question that Defendant LIVE NATION was not authorized to use these photographs or send them to others, and Defendant LIVE NATION knew that was the case. Nevertheless, the RUN-DMC STYLE GUIDE, replete with unauthorized reproductions of Plaintiff's photographs, was approved by LIVE NATION management, and LIVE NATION then sent the RUN-DMC Style Guide to LIVE NATION's outside vendors, who were then asked and encouraged by LIVE NATION to develop merchandise using the photographs in the RUN-DMC Style Guide.

20. At least as early as 2010, Plaintiff notified Defendant LIVE NATION that it did not have Plaintiff's authority to use, publish or distribute his photographs, including photographs of RUN-DMC.

21. At the time Defendant LIVE NATION was first notified of Plaintiff's claims, it had the legal right and practical ability to stop or limit further infringing

conduct, by recalling all of its RUN-DMC Style Guides, sending correspondence to the recipients of the RUN-DMC Style Guides not to use the images, recalling the infringing merchandise, or taking other reasonable measures to stop further infringement. Nevertheless, Defendant LIVE NATION did not stop or limit its infringing conduct, despite its knowledge that any merchandise produced bearing images from the RUN-DMC Style Guide was infringing.  Indeed, Defendant LIVE NATION continued distributing the RUN-DMC Style Guide, containing Plaintiff's image without Plaintiff's authorization, to its vendors as late as January of 2012.  In doing so, Defendant LIVE NATION intentionally induced and encouraged direct infringement of Plaintiff's copyrights by its vendors who were using the RUN-DMC STYLE GUIDE to make and distribute garments and merchandise containing unauthorized reproductions of Plaintiff's Subject Image.

22.     Based upon information and belief, one of the parties to whom Defendant LIVE NATION distributed the RUN-DMC Style Guide, containing unauthorized reproductions of Plaintiff's Subject Images, was Defendant, YS GARMENTS, INC. Defendant LIVE NATION and Defendant YS GARMENTS, INC. had a business relationship wherein both would financially benefit from items manufactured and/or sold by Defendant, YS GARMENTS, INC. Defendant LIVE NATION knew that Defendant YS GARMENTS, INC. would use the RUN-DMC Style Guide to develop merchandise bearing the images therein, and in providing YS GARMENTS, INC. with

COMPLAINT FOR DAMAGES

Plaintiff's images without authorization, Defendant LIVE NATION induced, caused, or materially contributed to the infringing conduct of YS GARMENTS, INC.  Moreover, pursuant to the terms of its relationship with YS GARMENTS, INC., Defendant LIVE NATION had the right and ability to supervise YS GARMENTS, INC.'s infringing conduct, and a direct financial interest in YS GARMENTS, INC.'s infringing activity.

23.     YS GARMENTS, INC. produced the following product, containing Plaintiff's photograph provided to it by LIVE NATION, which it sold through various channels, including the internet:



24.     This product features an image of RUN-DMC that is the subject of Plaintiff's copyright registration VA 1-221-023, reproduced without authorization from Plaintiff.  Moreover, this garment also bears a tag stating, "© 2008 DMC, LLC Under

8
COMPLAINT FOR DAMAGES

license to Anthill Trading, Ltd." (sic). This copyright attribution is false, as Plaintiff owns this image, not anyone else, and the image was not under license to Live Nation. Moreover, Defendants knew this was false at the time these garments were being sold but continued to reproduce and distribute this false information.

25. Defendants have manufactured, distributed and/or sold other items bearing the image of RUN-DMC that infringe upon Plaintiff's copyright and bearing false copyright management information.

## FIRST CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101 ET SEQ.

(Against All Defendants)

26. Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in this Complaint as if fully set forth herein.

27. Plaintiff is informed and believes and thereon alleges that all Defendants including all DOE Defendants, their customers and suppliers and each of them, had access to the Subject Image, including without limitation, access through Plaintiff's books, access through copies published on the internet and access through illegal copies.

28. Plaintiff is informed and believes, and thereon alleges, that Defendants infringed Plaintiff's copyright in the Subject Image by wrongfully creating copies of the copyrighted Subject Image without Plaintiff's consent and then engaging in acts of

affirmative and widespread self-promotion of the copies directed to the public at large by distributing said copies (and accompanying written materials) without authorization and with a false and misleading designation of creation, ownership and origin, and falsely representing that the Subject Image was their own.

29.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, further infringed Plaintiff's copyright by making derivative works from Plaintiff's copyrighted Subject Image, and/or by producing and distributing garments incorporating those derivative works without Plaintiff's permission.  Defendants then engaged in acts of affirmative and widespread self-promotion of the copies directed to the public at large by publicly claiming ownership rights in and to the derivative works based on the Subject Image that belongs solely to Plaintiff.

30.     The unauthorized copies that Defendants created of Plaintiff's Subject Image are either slavish copies or substantially similar copies of the Subject Image.

31.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are also liable for contributory copyright infringement because each Defendant with knowledge of the infringing activity acted to induce, cause, or materially contribute to the infringing conduct

32.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are also liable for vicarious copyright infringement because each

Defendant had the right and ability to supervise the infringing conduct and a direct financial interest in the infringing activity.

33.    Defendants' acts of copyright infringement and acts of affirmative and widespread self-promotion of the copies directed to the public at large, as alleged above, have caused Plaintiff to suffer, and to continue to suffer, substantial damage to its business in the form of diversion of trade, loss of income and profits, and a dilution of the value of its rights.

34.    Further, as a direct result of the acts of copyright infringement and acts of affirmative and widespread self-promotion of the copies directed to the public at large alleged above, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's copyrighted Subject Image.  Plaintiff is entitled to disgorgement of each Defendant's profits directly and indirectly attributable to said infringement of the Subject Image.

## SECOND CLAIM FOR RELIEF

## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION

## VIOLATION UNDER 17 U.S.C. 1202

(As Against Defendant LIVE NATION and DOES 1 through 10 only)

35.    Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in this Complaint as if fully set forth herein.

36.     The Subject Image contains copyright management information ("CMI") that was conveyed in connection with such images including: (i) the title or other information identifying the Subject Image; (ii) the name or other identifying information about Plaintiff as the author of the Subject Image; (iii) the name or other identifying information about the copyright owner of the Subject Image including a notice of copyright; and (iv) other identifying numbers of symbols referring to such information.

37.     Defendant LIVE NATION and DOES 1 through 10, and each of them, knowingly and with the intent to induce, enable, facilitate or conceal their acts of infringement described above, provided or distributed false CMI by conduct that included: (i) altering the title or other identifying information for the Subject Image; (ii) removing Plaintiff's name and copyright notice from the Subject Image;  (iii) substituting the name of other parties as the purported copyright owner of the Subject Image; (iii) providing false information about the authorizations and conditions for us of the Subject Image; (iv) providing false contact information referring to such information; and (v) then distributing such false CMI in the Run-DMC Style Guide and on their infringing merchandise.

38.     Defendant, LIVE NATION and DOES 1 through 10,and each of them, without the authority of Plaintiff or the law, intentionally falsified, removed or altered the CMI contained on the Subject Image by, among other things: (i) altering the title or

COMPLAINT FOR DAMAGES

other identifying information for the Subject Images; (ii) removing Plaintiff's name and copyright notice from the Subject Images;  (iii) substituting the name of other parties as the purported copyright owner of the Subject Image; (iv) providing false information about the authorizations and conditions for us of the Subject Images; (v) providing false contact information referring to such information; and (vi) including such false CMI in the RUN-DMC Style Guide.

39.    Defendant, LIVE NATION and DOES 1 through 10, and each of them, without the authority of Plaintiff or the law, then distributed the RUN-DMC STYLE GUIDE to its vendors knowing that it contained CMI regarding Plaintiff's Subject Image that had been removed or altered without authority of Plaintiff or the law as described above.

40.    Defendant LIVE NATION and DOES 1 through 10, then distributed copies of Plaintiff's Subject Image in the RUN-DMC Style Guide and on merchandise made using images from the RUN-DMC Style Guide either knowing that Plaintiff's CMI had been falsified, altered or removed without the authority of Plaintiff or the law as described above, or having reasonable grounds to know that such conduct would induce, enable, facilitate or conceal infringement of Plaintiff's copyright in the Subject Image as described above.

41.     Defendant engaged in the above described acts despite knowing or having reasonable grounds to know that the above acts would induce, enable, facilitate or conceal an infringement of any right under Title 17 of the <u>United States Code.</u>

42.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are also liable for contributory violation of the integrity of Plaintiff's CMI because each Defendant with knowledge of the unauthorized activity acted to induce, cause, or materially contribute to the unauthorized conduct.

43.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are also liable for vicarious violation of the integrity of Plaintiff's CMI because each Defendant had the right and ability to supervise the unauthorized conduct and a direct financial interest in the unauthorized activity.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.     Defendants, and each of them, and their respective agents and servants be enjoined from infringing Plaintiff's copyright in any manner;

2.     That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected, statutory damages, as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

3. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected, statutory damages, as available under the Copyright Act, 17 U.S.C. § 1203;

4. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

5. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

6. The costs of this action and pre-judgment interest as allowed by law

7. Such further legal and equitable relief as the Court deems proper.


Dated:  December 6, 2016                    THE LINDE LAW FIRM

                                           By: _____
                                               Douglas A. Linde
                                               Erica Allen Gonzales
                                               Attorneys for Plaintiff,
                                               GLEN E. FRIEDMAN
///
///
///

COMPLAINT FOR DAMAGES

1

## **DEMAND FOR JURY TRIAL**

2

3          Plaintiff hereby demands a trial by jury in this action pursuant to Fed. R.

4   Civ. P. 38 and the Seventh Amendment of the Constitution.

5

6   Dated:  December 6, 2016                    THE LINDE LAW FIRM

7

8                                              By: _____

9                                                   Douglas A. Linde
                                                    Erica Allen Gonzales
10                                                  Attorneys for Plaintiff,
                                                    GLEN E. FRIEDMAN
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES